IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 NOV 13 P 4: 30
CLERK
SO. DIST. OF GA.

JEMEL STONE,

    Petitioner,

v.

JOSE VAZQUEZ, Warden; ALBERTO
GONZALEZ, Attorney General, and
BUREAU OF PRISONS,

    Respondents.

CIVIL ACTION NO.: CV206-127

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jemel Stone ("Stone"), an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent[1] filed a Response, and Stone filed a Traverse. For the reasons which follow, Stone's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Stone pleaded guilty to possession with intent to distribute cocaine and was sentenced by the Honorable B. Avant Edenfield to 210 months' imprisonment. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. Stone filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court dismissed.

---

[1] The only proper Respondent in a section 2241 proceeding is the Warden of the facility at which a petitioner is incarcerated.

In the instant petition, Stone asserts that the Bureau of Prisons ("BOP") violated the Privacy Act by posting inaccurate information about him on its website. Stone also asserts that his custody is void because his conviction has been invalidated by 28 U.S.C. § 2072(b). Respondent contends that, although Stone's petition is "utterly devoid of merit", Stone should have raised his assertions via a section 2255 motion. (Doc. No. 10, p. 2.)

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46, 117 S. Ct. 1584, 1587-88, 137 L. Ed. 2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383, (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical care during the period of incarceration or being deprived of an alleged liberty interest, are civil rights

2

AO 72A
(Rev. 8/82)

actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 126 L. Ed. 2d 811 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Stone filed this cause of action pursuant to 28 U.S.C. § 2241, and he indicates that his petition concerns jail or prison conditions. (Pet., p. 1.) Stone avers that the BOP was informed that his conviction has been invalidated and that the BOP was warranted to investigate the invalidation. Stone alleges that, had the BOP conducted a proper investigation into this matter, the BOP would then file a motion with the Court pursuant to 18 U.S.C. § 3582 to vacate his sentence. Stone contends that the BOP's refusal to investigate his contentions has deprived him of a liberty interest, and he has accrued damages in the amount of $13,900.

This Court has looked beyond the terminology Stone used, and it appears that the true nature of these contentions is based upon an alleged civil rights violation. See Fernandez-Roque, 671 F.2d at 429. As such, these contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor. Should Stone wish to pursue his claims that the BOP has deprived him of a liberty interest and that he has accrued damages in the amount of $13,900, he may do so by filing a cause of action pursuant to section 1331 and Bivens.

The remainder of Stone's petition can be characterized as being a petition for writ of habeas corpus, as he contends that his conviction has been invalidated. In those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner

AO 72A
(Rev. 8/82)

establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2] Stone asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because his petition "is based on exhausted remedies before the BOP and custodians Warden Vazquez and Attorney General Alberto Gonzalez. This pertains to determination of duration upon inaccurate and unfair determination. This is base[d] on a Privacy Act violation which a § 2255 is inadequate to resolve such matters." (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979)

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

(holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Stone has failed to establish that his claims which can be characterized as "habeas corpus" claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Stone has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Stone cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Stone

5

is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Stone's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE